134 N.J. Super. 454 (1975)
341 A.2d 685
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JUSTIN KENNEDY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1975.
Decided June 9, 1975.
*456 Before Judges COLLESTER, LORA and HANDLER.
Mr. Rollin S. Neal argued the cause for appellant (Messrs. Bloom, Biener & Neal, attorneys).
Mr. Solomon Rosengarten, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by COLLESTER, P.J.A.D.
Defendant was convicted by the trial judge sitting without a jury of possession of a firearm without a permit (N.J.S.A. 2A:151-41) and was sentenced to pay a fine of $300.
The sole ground of appeal is that the trial judge erred in denying defendant's motion to suppress evidence seized by a state trooper without a warrant.
At the hearing on the motion to suppress State Trooper Piatras testified as follows. On April 11, 1973, at approximately 11:40 A.M. while stationed on U.S. Highway 40 near the Delaware Memorial Bridge, he observed an automobile with a Washington, D.C. registration being operated in an easterly direction at 70 m.p.h. in a 50 m.p.h. zone. The trooper turned on the red lights of his patrol car and took up pursuit. He observed defendant, who was driving the car in the passing lane, "lean down to his right as if he was doing something on the floor by his right side." The driver continued to lean down as he turned the car from the passing lane into the slow-bound land where he drove some distance before he pulled onto the shoulder of the road and stopped. When the trooper stopped his car behind the other vehicle and *457 alighted, defendant came back up into an upright position "in a very fast manner."
Trooper Piatras testified that at this point he believed there was something wrong in the way defendant had leaned down; that based on his experience as a police officer people do not lean down as defendant did unless they have something to hide. As the trooper walked towards the car he observed through the rear window that there was a passenger seated beside the driver. He approached the driver's side of the vehicle and asked for defendant's driver's license and motor vehicle registration. Before taking the documents from a wallet which was on his lap defendant reached over and quickly opened and closed the glove compartment. The officer then noticed a bulge under the floor mat near the driver's right foot. Trooper Piatras said he believed that the bulge was a gun; he was suspicious because of the manner in which defendant had opened and closed the glove compartment, and he believed that his safety was in danger.
Piatras next walked to the passenger side of the car and asked the passenger, MacDaniels, an army sergeant, to open the glove compartment. MacDaniels complied and the trooper saw inside a torn paper bag containing a box bearing the numerals 22. Piatras suspected it was a box of bullets. He asked the passenger what was in the box, whereupon MacDaniels took the bag out of the glove compartment and opened it. The trooper saw that the box contained .22-caliber shells.
The trooper thereupon directed both men to remove themselves from the vehicle and they complied. He next asked where the gun was and defendant said it was under the floor mat on his side of the car. He placed defendant under arrest, searched both men, and then secured the gun which he found was loaded with two.22-caliber shells. On cross-examination the officer denied that he had drawn his own revolver at any time.
Kennedy and MacDaniels both testified that when they observed the flashing lights of the police car defendant pulled *458 the car to his right in a normal manner and geared the car down with his right hand. They said when the trooper asked for Kennedy's driver license and registration defendant opened the door of the glove compartment, removed his wallet which contained the documents and then slammed the door shut. They further testified that the trooper went around to the passenger side of the car with his gun drawn and ordered MacDaniels to open the glove compartment and to remove the contents of the bag which was inside. Neither MacDaniels nor Kennedy denied that the bag contained a box of .22-caliber shells or that a gun was concealed under the floor mat.
In denying the motion to suppress the trial judge indicated that he believed the trooper's version of the facts. He concluded it was reasonable for the officer to believe that he was in danger and that he was justified in conducting a search to assure his own safety.
On appeal defendant argues the testimony of the state trooper was incredible and that the trial judge misapplied the law relating to a protective search.
We disagree. The credibility of the police officer was a matter for determination by the trial judge. Considering the proofs as a whole, we are satisfied there is no reason to conclude that the judge erred in accepting as true the trooper's version of the facts. State v. Johnson, 42 N.J. 146, 161-162 (1964).
The crux of this case is whether a reasonably prudent police officer in the circumstances presented would be warranted in the belief that his safety was in danger. Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In the situation which existed in this case the reasonable care exercised by the state trooper must be measured by the temper and tempo of the times, including such matters of common knowledge that troopers patrolling our highways in similar situations have been the victims of criminal assaults, some of which have resulted in death *459 suffered in the line of duty. See State v. Wausnock, 303 A. 2d 636 (Del. Sup. Ct. 1973).
From our review of the testimony we conclude that under the totality of the circumstances the state trooper had reasonable cause to believe that his safety was endangered and that the protective search he conducted was permissible under the Fourth Amendment.
Accordingly, we hold that the trial judge properly denied the motion to suppress evidence.
Affirmed.