140 N.J. Super. 232 (1976)
356 A.2d 26
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BARRY ABRAMS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1976.
Decided March 17, 1976.
*234 Before Judges CARTON, CRAHAY and HANDLER.
Mr. William E. Norris, Assistant Deputy Public Defender argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Mart Vaarsi, Deputy Attorney General argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
On this appeal from his conviction of the possession and distribution of a controlled dangerous substance defendant assigns as error the trial court's holding inadmissible that portion of his codefendant's prior confession which was exculpatory of him. We agree.
*235 The State's main witness, an undercover detective, testified that he purchased some cocaine from the codefendant, Chenille Smith, and had seen her in turn purchase it from defendant, Barry Abrams. After her arrest Smith stated to the police: "I, Chenille Smith, sold Ernest [the detective] a bag of cocaine, but I didn't and never got nothing from Barry."
Smith did not testify at their joint trial and the only part of her statement which was permitted to be introduced into evidence was her admission that she sold cocaine to the detective. On the State's motion, and over defense objections, the judge directed that the second part of the statement, exculpating Barry Abrams, he excised on the ground that it was hearsay not within any exception to the hearsay rule. The jury was instructed that the admitted portion of the statement be considered only as to Smith.
Under Evid. R. 63(10) hearsay statements are admissible if they were against the penal interest of the declarant at the time they were made. In our view Smith's complete statement is admissible with respect to Abrams under that rule. Compare, State v. Kennedy, 135 N.J. Super. 513 (App. Div. 1975) (defendant's statement was ruled admissible against him as an "admission" though not against penal interest when made).
The portion of Smith's declaration which is exculpatory of Abrams suggests that Smith was not merely his agent or partner in the drug sale; it intensifies her personal criminal responsibility for the transaction. The rule does not require that each discrete part of the statement imply involvement in a crime, but only that the statement "so far subjected [the declarant] to a * * * criminal liability * * * that a reasonable man in his position would not have made the statement unless he believed it to be true * * *." Evid. R. 63(10); cf. State v. Davis, 50 N.J. 16, 28-29 (1967) (defendant's hearsay statement that the driver of the car in which he was captured "didn't have *236 anything to do with it" was held admissible on the ground that it "inferentially indicated his own involvement").
The State argues that the portion of Smith's statement exculpatory of Abrams should be isolated from the portion in which she admitted her own participation in the crime because, having confessed, "she had utterly nothing to lose by tacking on an additional sentence in which she sought to clear her friend." This factor, however, bears only on the weight to be given it by the trier of fact, not on its admissibility. The appropriate test for admissibility is whether, in the context of the whole statement, the particular remark was plausibly against the declarant's penal interest, even though it might be neutral or even self-serving if considered alone. Cf. Appelget v. Van Hise, 44 N.J. Super. 507, 520 (App. Div. 1957) (semble). Evidence that it was possibly tainted by an impure motive appropriately bears only on its value. 5 Wigmore, Evidence (Chadbourn rev. 1974) § 1464 at 338, 338, n. 3.
The State relies on State v. Sease, 138 N.J. Super. 80 (App. Div. 1975), in which the statements of the defendant's brothers that it was they who committed the armed robbery with which she was charged, and that she did not know anything about it, were held inadmissible at her separate trial. We are unable to follow the decision in that case. The court there agreed that the statements, including those parts exonerating defendant, were against the penal interest of the declarants. Nevertheless, focusing only on the declarants' admissions of their own guilt, it concluded that the statements were inadmissible as irrelevant; since the crime was known to have been committed by more than one person, the admissions of the declarants' own guilt were not probative of whether or not another participated with them. But nothing could be more relevant to the issue of the defendant's guilt than competent statements that she did not participate. We note the court's further suggestion that defendant could have called her brothers as witnesses to testify to her non-involvement *237 instead of trying to use their hearsay statements to that effect. This is of questionable significance since the admissibility of declarations against interest no longer depends, as it did prior to the adoption of the current rules, on the unavailability of the declarant as a witness. Evid. R. 63(10), comment; see Band's Refuse Removal Inc. v. Fairlawn, 62 N.J. Super. 522 (App. Div. 1960). It is also not clear that the declarants would not in fact have been unavailable because of their privilege against self-incrimination.
The only remaining question in the present case is whether the erroneous exclusion of evidence was harmless. Under all of the circumstances we are unable to say beyond a reasonable doubt that the admission into evidence of his co-defendant's statement would not have altered the verdict as to Abrams. Cf. State v. Macon, 57 N.J. 325 (1971).
Reversed.