STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
BARRY ABRAMS, DEFENDANT-RESPONDENT.

Argued November 22, 1976—Decided February 14, 1977.

*Mr. Mart Vaarsi,* Deputy Attorney General, argued the cause for appellant (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. Paul M. Klein,* Assistant Deputy Public Defender, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

PER CURIAM. The judgment is affirmed substantially for the reasons expressed in the opinion of the Appellate Division.

CLIFFORD, J., concurring and dissenting. The issue before the Court in this case is skewed slightly from the direction of *State v. Powers,* 72 *N. J.* 346 (1977), also decided this day. The question there as I saw it was whether the hearsay statements were inculpatory of the declarant in the sense of so far exposing him to criminal liability that but for their truth the declarations would not have been made. My view was that the trial judge's conclusion that they

were not so inculpatory represented an unexceptionable exercise of his discretion. Therefore, the occasion was not presented in *Powers* to take the next step, squarely presented here in view of the obvious inculpatory nature of declarant's admission that she sold cocaine to the undercover agent. That next step calls for inquiry into whether the exculpatory part of the statement (or separate exculpatory declaration) should be permitted to "tag along" with the inculpatory part under the doctrine of continuing trustworthiness. See, *e. g.,* 5 *Wigmore, Evidence* (Chadbourn rev. 1974), § 1465 at 339–43; Model Code of Evidence rule 509(2) (1942).

Under the circumstances of this case I would leave that inquiry with the sound discretion of the trial judge. I therefore concur in Judge Conford's opinion, which would direct the trial judge to determine admissibility of the statement(s) in keeping with the language and purpose of *Evid. R.* 63(10).

Justice SCHREIBER joins in this opinion.

CONFORD, P. J. A. D., Temporarily Assigned, concurring and dissenting. To the extent that the Appellate Division determination, affirmed by this court, reverses the conviction, I am in accord. I do not agree, however, with the holding that the entirety of the Smith statement is necessarily admissible as a matter of law on behalf of the defendant.

At the retrial there should first be a clarification of the exact tenor of the Smith statement. In addition to the version set forth in the Appellate Division opinion, there is other indication in the record that the statement was:

I, Chenille Smith, sold Ernest a bag of cocaine. But I never got nothing from Barry. Also, I never introduced Barry to Ernest.

Admissibility of a statement under the hearsay exception contained in *Evid. R.* 63 (10), commonly known as declarations against interest, depends, generally, upon whether the

statement is so far against the civil or criminal interests of the declarant when made that a "reasonable man in his position would not have made the statement unless he believed it to be true * * *". The vital issue in the present case is whether the subject matter of the foregoing written "statement", taken by the police from the suspect Smith, should, for purposes of the rule, be considered as constituting one statement or two or more statements. If the latter, the disparate portions of the document subsequent to the first sentence would not come within the rule, as they apparently were not against Smith's interests to the extent required by the rule. That is to say, they might have been made solely for the purpose of clearing Abrams, regardless of their truth, and thus not meet the rule criterion that a reasonable person in Smith's position would not have made those portions of the statement unless she believed them to be true.

Distinguish the situation where only one crime was committed, so that inculpation of himself by a declarant has the tendency to exculpate another on trial for the offense. Report of the *New Jersey Supreme Court Committee on Evidence* (1963) 168, 171; 5 *Wigmore on Evidence* § 1477, pp. 358–359 (1974); *State v. Jamison*, 64 *N. J.* 363, 372–373 (1974); *Newberry v. Commonwealth*, 191 *Va.* 445, 61 *S. E.* 2d 318 (Sup. Ct. App. 1950).

If, however, a correct appraisal of the entire document were that it was essentially a single, integral statement such that the trustworthiness of the portion admitting liability rubbed off on the portion absolving Abrams of connection with the criminal transaction, it should be admissible. In a slightly different application of the underlying problem, where a statement had both disserving and self-serving aspects, it was held for the trial court to determine whether, "on the whole the disserving interest preponderates in probable influence", making it admissible. *Appleget v. Van Hise*, 44 *N. J. Super.* 507, 520 (Ch. Div. 1957), commented upon in Brooks, "Evidence", 14 *Rutgers L. Rev.* 390, 415–417 (1960).

It seems to me that the question whether the trustworthiness ascribable to the self-inculpatory portion of the instant Smith "statement" sufficiently rubs off on the portion absolving defendant Abrams is peculiarly one for the discretionary judgment of the trial judge in the light of all the attendant circumstances. This situation is not unlike many other close evidential problems which can arise at trial where sound judicial administration requires reposing considerable discretion in the judge.

The Appellate Division opinion makes the point that the portion of the statement exculpatory of Abrams has a self-disserving aspect in that it "intensifies [Smith's] personal criminal responsibility for the transaction" in suggesting that she was not merely Abrams' partner in the drug sale. This seems somewhat tenuous, but, to the extent that it may be valid, should merely be another element for appraisal of the latter portion of the document for trustworthiness. On the other hand, some weight could properly be accorded by the judge to the fact that the instant statement was in writing, thus suggesting the possibility of deliberation and a calculated decision by the declarant to exculpate Abrams for reasons not necessarily connected with the truth of the matter.

At the trial herein, the admissibility issues discussed in the Appellate Division opinion were never presented to the judge. The defendant failed to cite *Evid. R.* 63 (10) or the principle of the hearsay exception for declarations against interest in defense of the admission of the entire statement. I would direct the trial judge, at the retrial of this case, to consider the admissibility of the statement in the light of the language and purpose of *Evid. R.* 63 (10) and to admit the portions exculpatory of Abrams only if he finds them sufficiently trustworthy because of their association with the self-inculpatory first sentence of the statement. In that regard I would point out to him, however, that the probative weight of the statement is for the jury and not for the judge as an element of admissibility.

Justice CLIFFORD and Justice SCHREIBER join in this opinion.

*For affirmance*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN and PASHMAN—4.

*Concurring in part and dissenting in part*—Justices CLIFFORD and SCHREIBER and Judge CONFORD—3.