STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ARMAND D. POWERS, DEFENDANT-RESPONDENT.

Argued November 22, 1976—Decided February 14, 1977.

*Mr. Mart Vaarsi,* Deputy Attorney General, argued the cause for appellant (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. Philip A. Kahn,* designated counsel, argued the cause for respondent (*Mr. Stanley Van Ness,* Public Defender, attorney).

PER CURIAM. The judgment is affirmed substantially for the reasons expressed in the majority opinion of the Appellate Division, *State v. Gaines,* 147 *N. J. Super.* 84.

CLIFFORD, J., dissenting. The trial judge held inadmissible the statements under scrutiny here. The testifying witness was the arresting officer. Defendant Powers sought to introduce what his non-appearing co-defendant, Phillips, told the officer a "few hours" after the arrest as an exception to the hearsay rule contemplated by *Evid. R.* 63(10).

The statements came to light on cross-examination by Powers' attorney and by the attorney for another defendant,

Gaines, on *voir dire*. They are set forth in full in the Appellate Division opinion, 147 *N. J. Super.* 84 (1975). The trial judge termed them as "equivocal," not inculpatory of Phillips although exculpatory of Powers. The Appellate Division, one judge dissenting, reversed the conviction, holding (as does now this Court) that the statements were admissible as a matter of law. The State's brief describes them as "uncorroborated hearsay statements of dubious reliability and competency made by an accomplice of the defendant who failed to appear for trial." My agreement with that characterization of the proffered proof and my disagreement with the holding of its admissibility obliges me to dissent.

On the face of it the statements are excludable as hearsay. To come into evidence at all they must qualify as an exception to the hearsay rule. An indispensable feature of any exception is some indicia of trustworthiness or reliability. So it is that *Evid. R.* 63(10) permits introduction of a declaration against interest, the underlying rationale in the present context being that unless it is true, a declarant is not likely to say something calculated to get him into deep trouble. A specific requirement of the cited rule is that at the time it was made the statement so far subjected the declarant to criminal liability that a reasonable man in his position would not have made it unless he believed it to be true.

I agree with the trial judge's appraisal of the statements before us as "equivocal." At no time did the declarant ever admit his guilt, even when pressed. While the creativeness of the reasoning which leads to the conclusion that these statements are inculpatory is admirable, that conclusion eludes me, essentially because I do not perceive that by making the statements Phillips *so far exposed himself to criminal liability* that but for their truth the declarations would not have been made. And absent this emphasized ingredient, the statements remain inadmissible even if against the declarant's penal interest, for it is not all declarations against interest which are admissible.

There was ample motive for Phillips to say what he did. The record shows that he and Powers were friends of at least two years' standing and possibly more closely related. The statements having been made a "few hours" after arrest, there was time to ponder and fabricate, thus ruling out any quality of spontaniety. These and the other previously referred to glaring deficiencies in the circumstances surrounding the unsworn statements serve to rob them of the requisite safeguards of trustworthiness and reliability.

I share the apprehension of Judge Fritz, dissenting below, that lax and imprecise application of the rule may "destroy the historically sound concern respecting the doubtful quality of hearsay testimony." I would reverse the Appellate Division and reinstate the judgment of conviction.

Justice SCHREIBER authorizes me to note his concurrence in this opinion.

*For affirmance* — Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN and PASHMAN and Judge CONFORD — 5.

*For reversal* — Justices CLIFFORD and SCHREIBER. — 2.