# WILLIAM HAROLD FORD *v.* STATE OF MARYLAND

[No. 1306, September Term, 1976.]

*Decided September 15, 1977.*

The cause was submitted on briefs to GILBERT, C. J., and MENCHINE and MELVIN, JJ.

Submitted by *Luther C. West, Assigned Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, Leroy Handwerger, Assistant Attorney General, Charles E. Wehland, State's Attorney for Howard County,* and *Ronald Spahn, Deputy State's Attorney for Howard County,* for appellee.

MENCHINE, J., delivered the opinion of the Court.

William Harold Ford was convicted by a jury in the Circuit Court for Howard County of possession of marihuana with intent to distribute. He was sentenced to

conditional imprisonment under Article 27, §§ 641A and 645K. He now appeals, asking:

1. Whether the smell of marihuana alone furnishes probable cause for the arrest of the driver of the car in question and the subsequent search of the vehicle?

2. Whether the evidence is sufficient to show actual or constructive possession of the contraband in question by the appellant?

We answer both questions in the affirmative.

### *Probable Cause*

Appellant moved to suppress the use at trial of marihuana and drug paraphernalia found in a Volkswagen. Appellant maintains that there was no probable cause to arrest the operator of the vehicle so that the subsequent search of the vehicle and seizure of the evidence was illegal. After a hearing conducted out of the presence of the jury, the trial court held that there was probable cause for the arrest and that the subsequent search was not unreasonable.

On the night of December 29, 1973, at approximately 2:15 a.m., Officer James L. Fitzgerald of the Howard County Police Department, was operating his marked police cruiser in the area of Ellicott City. He observed a yellow, two-door, 1973 Volkswagen which appeared to be exceeding the posted speed limit. Officer Fitzgerald followed the Volkswagen for a short time. Determining that the vehicle was speeding, Officer Fitzgerald signaled to the car to pull over to the curb. Fitzgerald left the police vehicle and approached the Volkswagen from behind.

We think that the following brief but graphic excerpt from Fitzgerald's testimony suffices to set the stage for our discussion of probable cause for the arrest and search:

> "As I approached the vehicle, the operator, driver of the vehicle, exited from the vehicle, just as I came abreast of the driver's side.

Q   Who was the driver?

A   The driver of the vehicle was later identified as Grant Cole Smith, a white male.

Just as I approached the vehicle, I was abreast of the vehicle, the door opened and a subject exited from the vehicle and shut the door. At that time —

THE COURT: Which — who exited?

A   That was the Grant Cole Smith.

THE COURT: I see.

A   At that time, as he closed the door, I was standing right next to the vehicle, and I was looking at him. At that time I was about to ask the subject for his operator's license and the vehicle registration, of the vehicle he was operating. As he closed the door, a smell struck me, which I had known from my past experience to be the odor of marijuana. I —

BY MR. SPAHN:

Q   Where was that smell coming from?

A   Pardon me, sir?

Q   Where was that smell coming from?

MR. KANE: Just to preserve the record, Your Honor, I'll object.

A   I believe at that time the smell was coming from the clothes of the subject, and also from the interior of the vehicle which he was operating, the yellow Volkswagen."

Officer Fitzgerald placed the driver under arrest. He then advised the driver that he had the right to remain silent; a right to have a lawyer present during any questioning; that as a juvenile he would be allowed to have his parents or guardian present; that if he desired to have a lawyer or his parents or guardian present no questioning would begin until their arrival.

In that setting the driver, at the officer's request, reached

into the car and pulled out a brown paper bag containing marihuana. As he did so, the officer's flashlight disclosed that "he picked the bag up from the passenger's side, laying on the hump, which would be where the stick shift is . . . more on the passenger's side than it would be on the operator's side." The officer, after examining the contents of the bag, and identifying it as marihuana, ordered the appellant, who was the passenger, out of the car and placed him under arrest.

Fitzgerald had served in the United States Air Force for four years before becoming a police officer, during which time he received instruction on the use, effects, and detection of marihuana. He also attended the Anne Arundel County Police Academy for twenty weeks and received training as to the detection of marihuana.

A police officer has authority to make a warrantless arrest when the officer has probable cause to believe that a misdemeanor is being committed in his presence. *Robinson v. State*, 229 Md. 503, 507, 184 A. 2d 814, 816 (1962); Maryland Code Article 27, § 594B (a).

The basic contention of appellant is that the odor of marihuana, standing alone, did not provide probable cause for the arrest of Smith. Ergo, he argues, the ensuing search disclosing a substantial quantity of marihuana was unlawful.

Appellant relies heavily upon the following language used in *Davids v. State*, 208 Md. 377, 383, 118 A. 2d 636, 638 (1955):

> "Where some evidence of the commission of a misdemeanor reaches an officer through his senses, *and it is augmented by other strongly persuasive facts in his possession*, all of which is sufficient to convey virtual knowledge to any normal mind that the misdemeanor is then being committed, he may act upon such information as being tantamount to actual knowledge that the misdemeanor is being committed." (Emphasis added.)

This Court adopted the above emphasized language in *Ramsey v. State*, 5 Md. App. 563, 568, 248 A. 2d 659, 662 (1968).

Appellant maintains that *Davids* and *Ramsey*, both *supra*, enunciate a rule of law that sensory data derived through the olfactory nerves *never are sufficient*, standing alone, to give rise to the conclusion that there is probable cause to believe that a crime is being committed. We reject that idea.

Neither *Davids* nor *Ramsey*, both *supra*, involved the acquisition of knowledge through the sense of smell. Thus, neither case dealt definitively with the question whether information derived through the sense of smell alone might, in proper cases, serve to establish probable cause to believe that a crime was being committed. We believe that knowledge so acquired may establish probable cause.

The rule and cases supporting the rule determining the validity of a warrantless arrest were succinctly summarized for this Court by then Chief Judge Murphy (now Chief Judge of the Court of Appeals of Maryland) in *Johnson v. State*, 8 Md. App. 187, 191, 259 A. 2d 97, 99 (1969), wherein it was stated:

> "It is, of course, elementary that a warrantless arrest is valid where the arresting police officer has probable cause to believe that a misdemeanor has been or is being committed in his presence and that the arrestee is the misdemeanant. *Winebrenner v. State*, 6 Md. App. 440; *Robinson v. State*, 4 Md. App. 515; *Salmon v. State*, 2 Md. App. 513. *In determining whether a misdemeanor has been committed in the officer's presence the term 'presence' denotes that the commission of the misdemeanor is perceptible to the officer's senses, whether they be visual, auditory, or olfactory. Davids v. State*, 208 Md. 377; *Ramsey v. State*, 5 Md. App. 563. And in determining whether probable cause exists to justify the arrest, 'only the probability, and not a *prima facie* showing of criminal activity is the standard of probable cause.'

*Spinelli v. United States*, 393 U. S. 410, 89 S. Ct. 584, 21 L.Ed.2d 637, 645. More specifically, the rule of probable cause is a non-technical conception of a reasonable ground for belief of guilt, requiring less evidence for such belief than would justify a conviction, but more evidence than would arouse a mere suspicion. *Edwardsen v. State*, 243 Md. 131; *Radcliffe v. State*, 6 Md. App. 285; *Cornish v. State*, 6 Md. App. 167; *Simms v. State*, 4 Md. App. 160." (Emphasis added.)

In the recent case of *United States v. Solis*, 536 F. 2d 880, 881 (9th Cir. 1976), it was said:

"Generally evidence acquired by unaided human senses from without a protected area is not considered an illegal invasion of privacy, but is usable under doctrines of plain view or open view or the equivalent. Odors so detected may furnish evidence of probable cause of 'most persuasive character,' *Johnson v. United States*, 333 U.S. 10, 13, 68 S.Ct. 367, 92 L.Ed. 436 (1948), 'physical fact[s] indicative of possible crime,' *Taylor v. United States*, 286 U.S. 1, 6, 52 S.Ct. 466, 76 L.Ed. 951 (1932)."

In *Johnson v. United States*, 333 U. S. 10, 68 S. Ct. 367, 92 L. Ed. 436, the Supreme Court said at 13 [369][440]:

"If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of most persuasive character." [1]

---

1. It is true that the Supreme Court in *Johnson* held the search of the *dwelling* without a warrant to be constitutionally infirm. In doing so, however, the Court pointed out that "No suspect was fleeing or likely to take flight. The search was of permanent premises, not of a moving vehicle." 333 U. S. at 15, 68 S. Ct. at 369, 92 L. Ed. at 441.

*See also*: *Waugh v. State*, 275 Md. 22, at 30 and footnote 5 at 29, 338 A. 2d 268, 272 (1975).

We have no doubt, accordingly, that knowledge gained from the sense of smell alone may be of such character as to give rise to probable cause for a belief that a crime is being committed in the presence of the officer. When such conditions exist a warrantless arrest infringes upon no constitutional right.

We pass then to consideration of the question whether, under the tests set forth in *Johnson v. State, supra*, there has been a showing that the arresting officer had probable cause to believe that a crime was being committed in his presence. The trial judge concluded that he had.

In *Ponds v. State*, 25 Md. App. 162, 168, 335 A. 2d 162, 166 (1975), we said:

> "Of course, in determining whether the court made its decision within the required constitutional framework, we must do so within the rule that when constitutional rights turn on the resolution of a factual dispute we are duty bound to make an independent examination of the evidence in the record. *Brookhart v. Janis*, 384 U. S. 1, note 4 at p. 4. *Gardner v. State*, 10 Md. App. 233, 245, 269 A. 2d 186, 192. In doing so we accord an appropriate and substantial effect to the trial court's resolution of conflicts in evidence as to the occurrence or nonoccurrence of factual events and happenings."

We have heretofore set forth the general nature of the training undertaken by Officer Fitzgerald relating to the detection of marihuana through the sense of smell. There was evidence as well respecting field application of that training. The trial judge conducted an extensive hearing out of the presence of the jury on appellant's motion to suppress.

Officer Fitzgerald clearly and without equivocation declared that he detected the odor of marihuana emanating from within the vehicle. He testified that marihuana has a distinct odor that "gives a very sweet, pungent smell." He

buttressed that general statement with testimony that he previously had made arrests for marihuana possession in which he correctly had identified the presence of that substance on the scene by smell. He said, "in at least two of the cases I did smell the odor on the subjects themselves, and I believe one of the cases, it was in the vehicle itself, the odor was emanating from the vehicle, a very strong scent." Conviction had followed in each instance.

It is true that the defendant, in an endeavor to persuade the trial judge that he should discredit the testimony of the officer, called an expert witness to the stand during the suppression hearing. Her testimony, in large measure, related to tests made with random individuals involving the smelling of marihuana, marjoram, oregano, mint, parsley, oil of patchouli and sandalwood. She testified that those tests had demonstrated numerous erroneous identifications of the several substances. She acknowledged, however, that the odor of marihuana smoke was such as might permit one to "be able to smell it for an hour." She acknowledged also that under some conditions the odor of drying marihuana is "much stronger than the smell of the smoke."

Thus, although the witness disputed the ability of Fitzgerald to make a determination of the presence of marihuana by his sense of smell, his credibility and capacity for determination of its presence was in no sense destroyed. At best, her testimony did no more than to produce an evidential conflict. The trial court resolved that conflict by finding that Fitzgerald did become aware that marihuana was likely to be found in the automobile controlled by Smith and that probable cause for his arrest existed. According appropriate and substantial effect to that factual resolution by the trial judge, we are persuaded that the evidence supports the finding that Officer Fitzgerald had probable cause to believe that the vehicle contained marihuana, a contraband substance the possession of which is itself unlawful. Article 27, § 287.

Probable cause for the arrest of Smith having been shown, the search of the vehicle would be valid as a "search incident to an arrest" under *Chimel v. California*, 395 U. S. 752, 89 S.

Ct. 2034, 23 L.Ed.2d 685 (1969), or under the "automobile exception" to the Fourth Amendment as stated in *Carroll v. United States*, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925). *See, e.g., Mobley and King v. State*, 270 Md. 76, 80, 310 A. 2d 803, 806 (1973); *Robinson v. State*, 18 Md. App. 678, 685, *et seq.*, 308 A. 2d 734, 738, *et seq.* (1973).

In the subject case there were exigent circumstances justifying the search and a manifest probability that the vehicle contained contraband.

### Sufficiency of the Evidence

In the substantive trial, Officer Fitzgerald, amplifying his testimony describing the position of the bag of marihuana, vis-à-vis the appellant, explained that:

> "When I asked Mr. Smith where the marihuana was, he opened the door, reached into the vehicle, and as he reached in I crouched down, and with the aid of my flashlight, the subject reached across the driver's compartment of the car to the right, right side of the vehicle, where the passenger would sit, and pulled a paper bag, from where would be the floor where the passenger would put his feet, next to the hump where the stick shift is in a Volkswagen, he pulled the bag from that area, came back out with that particular bag."

In *Folk v. State*, 11 Md. App. 508, 275 A. 2d 184 (1971), Judge Moylan for this Court collected and discussed numerous Maryland cases involving joint possession and control of contraband. As to those cases rejecting evidential sufficiency he said:

> "The common thread running through all of these cases negating joint possession is 1) the lack of proximity between the defendant and the contraband, 2) the fact that the contraband was secreted away in hidden places not shown to be within his gaze or knowledge or in any way under his control, and 3) the lack of evidence from which a

reasonable inference could be drawn that the defendant was participating with others in the mutual use of the contraband." 11 Md. App. at 514, 275 A. 2d at 187.

As to those cases affirming evidential sufficiency he said:

"The common thread running through all of these cases affirming joint possession is 1) proximity between the defendant and the contraband, 2) the fact that the contraband was within the view or otherwise within the knowledge of the defendant, 3) ownership or some possessory right in the premises or the automobile in which the contraband is found, or 4) the presence of circumstances from which a reasonable inference could be drawn that the defendant was participating with others in the mutual use and enjoyment of the contraband." 11 Md. App. at 518, 275 A. 2d at 189.

We think that the evidence heretofore outlined in this opinion factually brought the subject case to the point where the jury reasonably could have concluded that the State had proved beyond a reasonable doubt that the appellant was in joint possession and control of marihuana.

It is true that there was testimony by Smith, the driver of the vehicle, that appellant was innocent of any connection with the substance and became aware of its presence only during his ride as a hitchhiker. The credibility of witnesses is for the trier of fact, and the jury was under no obligation to believe the testimony of Smith. *Williams & McClelland v. State*, 5 Md. App. 450, 247 A. 2d 731 (1968).

We perceive no error.

*Judgment affirmed.*
*Costs to be paid by appellant.*