UNITED STATES, Appellee,

v.

Private First Class Keith E. BISHOP,
SSN 548–94–4825, United States
Army, Appellant.

SPCM 12573.

U. S. Army Court of Military Review.

30 Nov. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Ralph E. Sharpe, JAGC, Captain Derryl W. Peden, JAGC, and Captain Michael B. Dinning, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Michael B. Kennett, JAGC, Captain Richard A. Kirby, JAGC, and Captain James H. Anderson, JAGC, were on the pleadings for appellee.

Before FULTON, Senior Judge, and MOUNTS and TALIAFERRO, JJ.

## OPINION OF THE COURT

FULTON, Senior Judge:

The appellant was convicted in a special court-martial bench trial of wrongfully possessing marijuana, introducing it into a military base for resale, and selling it there, all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His approved sentence was the maximum the court could adjudge: a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $249.00 per month for six months, and reduction to the grade of Private E–1. The validity of his conviction turns upon the reasonableness of a warrantless search of his automobile.

At or shortly after 2100 hours, 2 September 1976, a person not identified in the record reported to military police that he smelled marijuana smoke emanating from an automobile occupied by two persons and located in a parking lot at Fort Hood, Texas. Shortly thereafter, Sergeant Charles W. Starkey, whose patrol had been dispatched to the scene by radio instructions, arrived and soon was joined by other military policemen.

The unidentified person directed Sergeant Starkey to the appellant's automobile and, as Starkey approached, he smelled burnt marijuana. The nearer he got, the stronger the smell. He observed only one person inside. As Starkey approached, the occupant made a movement that Starkey interpreted as a possible attempt to hide something. The occupant of the vehicle, sitting in the front passenger seat, was Private Stephen M. Love. The appellant was, at the moment, inside the nearby bach-

elor officers' quarters, selling marijuana to one Second Lieutenant John Z. Hayes.

Sergeant Starkey asked Private Love to step out of the car and produce his identification. Starkey testified that "I explained to Love what I suspected and would like permission to search his vehicle. He gave his permission to search." Not until Starkey had uncovered packaged marijuana and two rolled cigarettes from a tray under the seat occupied by Private Love did he formally place Love under apprehension. Love then indicated that the vehicle belonged to the appellant. (During this process, the appellant and the lieutenant came out of the BOQ and drove away in the officer's vehicle.)

Private Love thereafter made a statement in which he recounted how and where the appellant had purchased the marijuana, how they had subdivided and packaged it at two trailer homes maintained by the appellant, how they had brought a quantity on the post for the purpose of delivering some to the lieutenant, and that they had smoked marijuana on the way to the bachelor officers' quarters. He said that they had finished smoking before arriving at the parking lot and that they had opened the windows and burned incense while smoking to mask the smell. (Sergeant Starkey, a civilian policeman before entering the service, testified that he had correctly identified the odor of burnt marijuana on several previous occasions, but admitted that he could be misled if incense itself smelled like burnt marijuana.)

Various bases have been offered in support of the legality of the vehicle search. Sergeant Starkey testified that he was relying on the consent of the person having control over the vehicle at the time and that, but for the consent, he would have sought a warrant. Arguing against the appellant's motion to suppress, the trial counsel disclaimed any reliance on consent [1] and, instead, argued that probable cause and exigent circumstances made the search reasonable even if Sergeant Starkey did not think so. The trial judge denied the suppression motion. The staff judge advocate advised the convening authority [2] that the ruling was erroneous, but that it was not prejudicial as the conviction was supported by Private Love's testimony (to the same effect as his pretrial statement previously summarized). The appellant's oral confession was in evidence, too.

■ On appeal, the arguments of the appellant and the Government seem to assume the existence of probable cause,[3] but diverge on the question whether exigent circumstances made the warrantless search reasonable. The appellant argues that the circumstances were not exigent because the vehicle was immobilized, it being substantially surrounded by six patrolmen and its egress blocked by a patrol vehicle. The judge's erroneous ruling that the search was lawful, it is argued, has prevented inquiry into the question whether Private Love's confession was the fruit of a poisonous tree.

The Government, on the other hand, argues "that the search of appellant's car may

1. It may not have been necessary to eschew this alternate theory. Private Love obviously had temporary custody of the vehicle. The ignition key was present, albeit perhaps only for the purpose of enabling him to listen to the stereo. Also, he seems to have been engaged in a *joint venture* with the owner of the vehicle. In view of our holding, *infra*, we will not decide whether Love's consent was effective.

2. Not the same officer who convened the court. The case was reviewed in another command because Private Love's testimony was pursuant to the terms of a negotiated plea of guilty in his own case, thereby disqualifying the initial convening authority.

3. The odor of burning marijuana emanating from a vehicle, when detected by a policeman with sufficient training or experience to identify the odor, satisfies the requirement for probable cause. *United States v. Martinez-Miramontes*, 494 F.2d 808 (9th Cir. 1974); *United States v. Bowman*, 487 F.2d 1229 (10th Cir. 1973); *People v. Loe*, 16 Ill.App.3d 291, 306 N.E.2d 368 (1973); *Ford v. State*, 37 Md.App. 373, 377 A.2d 577 (1977); *State v. Benson*, 198 Neb. 14, 251 N.W.2d 659 (1977); *People v. Chestnut*, 43 A.D.2d 260, 351 N.Y.S.2d 26 (1974); *State v. Compton*, 13 Wash.App. 863, 538 P.2d 861 (1975); *see United States v. Solis*, 536 F.2d 880, 881–82 (9th Cir. 1976).

be upheld under the recognized 'automobile exception' to the general requirement for a warrant." Reply to the Assignment of Error at 3. Cited in support of that argument is Chief Justice Burger's synthesis in *United States v. Chadwick*, 433 U.S. 1, 12, 97 S.Ct. 2476, 2484, 53 L.Ed.2d 538 (1977), as follows:

> [T]his Court has recognized significant differences between motor vehicles and other property which permit warrantless searches of automobiles in circumstances in which warrantless searches would not be reasonable in other contexts. . . .
> Our treatment of automobiles has been based in part on their inherent mobility, which often makes obtaining a judicial warrant impracticable. Nevertheless, we also have sustained 'warrantless searches of vehicles . . . in cases in which the possibilities of the vehicle's being removed or evidence in it destroyed were remote, if not nonexistent.' *Cady v. Dombrowski*, 413 U.S. 433, 441–442, 93 S.Ct. 2523, 37 L.Ed.2d 706. . . .
> The answer lies in the diminished expectation of privacy which surrounds the automobile:
> > 'One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects. . . . It travels public thoroughfares where both its occupants and its contents are in plain view.' . . . .
>
> Other factors reduce automobile privacy . . . [referring to licensing laws, operating codes, inspection requirements, and the possible taking into custody in the interests of public safety].

*Cf. United States v. Garcia*, 3 M.J. 927 (A.C.M.R.1977), *pet. denied*, 4 M.J. 128 (C.M.A.1977).

We agree with the Government's position. Sergeant Starkey's trained recognition of the smell of burnt marijuana gave probable cause for the search and the circumstances appertaining to the automobile did not make a warrantless search unreasonable.

The findings of guilty and the sentence are affirmed.

Judge MOUNTS and Judge TALIAFERRO concur.