172 N.J. Super. 331 (1980)
411 A.2d 1178
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MAMOON RASHID KAHLON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1980.
Decided February 13, 1980.
*334 Before Judges FRITZ, KOLE and LANE.
L. Gilbert Farr, Assistant Prosecutor, argued the cause for appellant (David Linett, Somerset County Prosecutor, attorney).
Thomas E. Lenahan, Jr. argued the cause for respondent (Franchino & Lenahan, attorneys).
The opinion of the court was delivered by KOLE, J.A.D.
Defendant was indicted for possession of over 25 grams of marijuana and possession thereof with intent to distribute. He moved for suppression of all evidence obtained from the *335 search of his motor vehicle. After a hearing the judge sustained the seizure of marijuana found in the interior of the vehicle but suppressed the evidence found in the trunk thereof, including 30 pounds of marijuana, a balance scale and cash in the amount of $3,731, as well as statements made by defendant after the search of the trunk.[1]
We granted the State leave to appeal from the ensuing order. We reverse the order to the extent that it suppresses the evidence seized from the trunk of the car and the statements made by defendant after such search. We hold that such evidence was legally seized and, of course, the later statements were not tainted thereby.
We agree generally with the factual findings made by the judge. They are sustained by sufficient credible evidence. However, we are compelled to make independent supplemental findings based on the record in order to give a more complete background of the facts upon which we predicate our determination.
On October 3, 1978, at about 4:20 p.m., State Trooper Toth stopped defendant's vehicle as it was traveling south on Interstate Highway 287 in Bridgewater Township, since Toth's radar device showed that it was proceeding at 30 miles an hour, considerably less than the normal speed for that highway. The vehicle was traveling in the center lane and, at that rate of speed, was causing other motorists to pass it on the right.
*336 After stopping the vehicle Toth requested that defendant exhibit his driver's license and motor vehicle registration. Defendant complied with the request. Toth noticed that another male was seated on the passenger's side next to defendant, and a female was seated in the back. When defendant opened his window to exhibit his credentials Toth smelled an odor he believed to be burning marijuana. Toth was familiar with the scent of marijuana, both burned and unburned, from attendance at several drug training seminars and courses.
Toth ordered defendant out of the car and informed him that he knew that somebody was smoking marijuana in the car. Defendant first stated that his two passengers, hitchhiking students from France picked up by him near Harrisburg, were smoking it. After Toth directed the students out of the vehicle and began to question them, defendant interrupted Toth's interrogation and stated that defendant alone was smoking marijuana.
Following this admission Toth gave defendant Miranda warnings and subjected the occupants of the car to a protective "pat down." He then returned to defendant's vehicle to determine the area from which the odor of marijuana had emanated. He checked the vehicle's ashtray and found a half-burned marijuana cigarette (roach) approximately one inch long. From his training Toth thought the roach to be unusually large. It was neither burning nor hot when discovered.
In checking the interior further, Toth found a clear plastic bag filled with what was later determined to be approximately 1/2 ounce of marijuana and a package of cigarette wrapping papers. The bag and papers were hidden behind the sun visor on the passenger's side. Toth returned to the three people and advised them that they were under arrest. Defendant asked Toth not to arrest the French students as they had no knowledge that there was any marijuana in the vehicle.
*337 Toth handcuffed only defendant and returned to the back seat of the car, reasonably believing, since the female occupied the back seat, that more marijuana might be found there. Although he noticed the very heavy odor of unburned marijuana, Toth found only a portable television set on the floor and no potential marijuana containers. He lifted the rear seat but found nothing.
Toth took the keys from the ignition and opened the trunk. Again he smelled a very heavy odor of unburned marijuana. Inside the trunk were several suitcases and a cardboard box labeled "Cooler Keg." The box appeared to be a 30-dozen capacity egg crate. Although the box flaps were closed, there was a six-inch square opening on top. The flaps did not cover the box top completely.
Green plastic, similar to the type used in garbage bags, was visible from the box opening. Toth lowered his nose to the opening. He was positive that the odor of unburned marijuana emanated from the plastic bag in the box. Upon opening the box flaps Toth discovered that the bag, although tied shut, had two or three tears in it. He enlarged one of the tears and observed what was determined to be marijuana. He also found the scale underneath a clothing bag in the trunk of the car.
At about this time a backup unit arrived at the scene. It transported the French students to the Somerville State Police station. Defendant and Toth awaited a tow truck at the scene. While defendant's vehicle was being towed to the station Toth questioned defendant about the quantity of marijuana in the bag and learned that it was about 30 pounds. Toth had already warned defendant of his Miranda rights after he had volunteered that he was smoking the marijuana. Defendant also told Toth that he had over $3,000 in the bottom of a plastic clothing bag in the car trunk.
When the police were satisfied that the French students were innocent of any illegal activities, they were released.
*338 We agree with what appears to be the judge's determination that Toth was rightfully in the rear interior of the car to conduct a further search for marijuana. We find further that Toth was a trained police officer who, as found by the judge, smelled and was able to smell unburned marijuana while thus lawfully in that part of the car's interior. His inability to pinpoint the source of the smell of unburned marijuana while in that area of the automobile although it appeared to emanate from the rear of the vehicle, together with the marijuana already found in the car, reasonably could leave him to conclude, as he did, that the odor came from the car's trunk and accordingly established probable cause to search the trunk for such marijuana. See State v. Harrison, 111 Ariz. 508, 533 P.2d 1143 (Sup.Ct. 1975); People v. Cook, 13 Cal.3d 663, 119 Cal. Rptr. 500, 532 P.2d 148 (Sup.Ct. 1975), cert. den. 423 U.S. 870, 96 S.Ct. 135, 46 L.Ed.2d 100 (1975); Ford v. State, 37 Md. App. 373, 377 A.2d 577 (Ct.Spec.App. 1977). See, also, United States v. Hosch, 577 F.2d 963 (5 Cir.1978); United States v. Thompson, 558 F.2d 522, 524 (9 Cir.1977), cert. den. sub. nom. Reeve v. United States, 435 U.S. 914, 98 S.Ct. 1466, 55 L.Ed.2d 504 (1978); United States v. Barnard, 553 F.2d 389 (5 Cir.1977); Sanchez v. State, 582 S.W.2d 813 (Tex. Crim. App. 1979), cert. den. ___ U.S., 100 S.Ct. 728, 62 L.Ed.2d 728 (1980). Cf. Johnson v. United States, 333 U.S. 10, 13, 68 S.Ct. 367, 368, 92 L.Ed. 436, 440 (1948), in which the court indicated that detection of opium odors by trained individuals could constitute probable cause. Contrast the fact situation in State v. Patino, 163 N.J. Super. 116, 122 123 (App. Div. 1978), certif. granted 79 N.J. 477 (1979).
There were also sufficient exigent circumstances here justifying the warrantless search of the trunk and the search and seizure of the box contained therein and its contents, as well as the scale and the money. Under the circumstances of this case, that warrantless search and seizure were entirely reasonable and legally unassailable.
*339 We disagree with the judge's determination that since defendant and his passengers had been arrested prior to the time the trunk was actually opened, the trunk and its contents were under the exclusive dominion and control of the arresting officer before the search thereof, and thus there was no exigency to justify the subsequent warrantless search and seizure. That this car on the side of a highway could have been towed to the police barracks while its occupants were under arrest and in custody and a search warrant for the trunk could have been obtained does not negative the existence of exigent circumstances.
Ever since Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), courts have recognized what has come to be known as the "automobile exception" to the warrant requirement. The validity of this exception was reaffirmed and its underlying rationale was restated by the Supreme Court in Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). The court there addressed the question whether, in the absence of exigent circumstances, police are required to obtain a warrant before searching luggage taken from an automobile stopped and searched for contraband. However, Sanders further held that given probable cause to search and the mobility of the vehicle when it is stopped, the stop and search of the automobile itself is legally permissible.
The inquiry to be made as to the validity of the warrantless search in the present case is twofold: (1) at the scene did the police have probable cause to search the trunk of the automobile, and (2) were the exigencies then arising from the movable nature of the vehicle such that a warrantless search was justified? If the answer to both questions is in the affirmative, the search was constitutionally valid. See Sanders, supra, 442 U.S. at 765, n. 14, 99 S.Ct. at 2594, n. 14, 69 L.Ed.2d at 246, n. 14; Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975), cited in State v. Ercolano, 79 N.J. 25, 46 (1979). We answer both inquiries in the affirmative.
*340 Unlike State v. Slockbower, 79 N.J. 1 (1979), and State v. Ercolano, supra, the vehicle in the present case was not impounded. The time here was late afternoon  4:20 p.m. Defendant's vehicle was movable on an open highway and was being used for an illicit activity. The intent and purpose of the police, predicated on probable cause, were to search the trunk of the vehicle for contraband  marijuana  while it was on the highway. Although all three occupants of the car were arrested and out of the vehicle, only defendant's freedom of movement was physically restricted. Toth had moved the others away from the car and taken the keys. However, Toth's testimony supports the view  and even if it did not, it is not reasonably inconceivable  that, Toth's weapons and physical prowess notwithstanding, the others could have overpowered him, grabbed the keys and escaped. Under these circumstances a plain exigency existed justifying a warrantless search of the car trunk at the scene. It would not have been readily practicable for the police to have obtained a warrant for this purpose prior to the search. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Ercolano, supra, 79 N.J. at 38, 43-46; State v. Waltz, 61 N.J. 83, 88 (1972); State v. Murray, 151 N.J. Super. 300 (App.Div. 1977), certif. den. 75 N.J. 541 (1977); State v. Gaines, 147 N.J. Super. 84, 96 97 (App.Div. 1975), aff'd o.b. 72 N.J. 346 (1977); State v. Kennedy, 134 N.J. Super. 454 (App.Div. 1975); State v. McCarthy, 130 N.J. Super. 540, 543 545 (App.Div. 1974); State v. Boone, 114 N.J. Super. 521 (App.Div. 1971); State v. Brown, 160 N.J. Super. 227 (Law Div. 1978). See, also, State in the Interest of H.B., 75 N.J. 243, 251 252 (1977); Sanchez v. State, supra.
The search of the box found in the trunk was lawful. It was from this box that the odor of marijuana emanated and in which the marijuana was found. Unlike the luggage in Arkansas v. Sanders, supra, the flaps of the box did not completely cover it, the opening at the top of the box plainly showed a green plastic bag from which the odor could be detected and *341 there were tear holes in the plastic bag which, when opened further, made the marijuana visible to the trained eye of the officer. In these circumstances it cannot be said that defendant had any reasonable expectation of privacy in the contents of the box or that the exigency that permitted the opening of the car trunk at the scene did not apply as well to the then search of the box. The facts here did not require, as in Arkansas v. Sanders, supra, that the police officer remove the box, reduce it to his exclusive possession and obtain a warrant to search it.
In any event, even if a warrant for the search of the box were required by reason of Arkansas v. Sanders, supra, we have concluded reasons expressed in State v. Howery, 80 N.J. 563 (1979), Sanders is not retroactive to a search and seizure, as here, that occurred prior to the date of its determination. Compare State v. Pace, 171 N.J. Super. 240 (App.Div. 1979), where the matter of the retroactivity of Sanders was not discussed and apparently not raised. But see State v. Carpentieri, 168 N.J. Super. 589 (App.Div. 1979), certif. granted, 81 N.J. 406 (1979), with which we do not agree.
We note that the police officer here was alone and could reasonably believe that under the then existing law, given probable cause to search an automobile on the highway even though defendant and the two passengers were under arrest, exigent circumstances justified the warrantless search of the box. See State v. Gray, 59 N.J. 563 (1971); State v. McCarthy, supra. See, also, State v. Parker, 153 N.J. Super. 481, 487 (App.Div. 1977).
We find no indication that our courts anticipated the holding in Sanders. Thus, for example, State v. DeLorenzo, 166 N.J. Super. 483 (App.Div. 1979), and State v. Parker, supra, deal with the search of bags or luggage already secured in police facilities, rather than the search of luggage stored in a car stopped on the highway. They are thus distinguishable from Sanders.
*342 The scale was found as part of the legally proper car trunk search at the scene. The $3,731 in cash was found by Toth while the automobile was at headquarters in the car trunk but in a clothing bag pursuant to information volunteered to him by defendant after the valid car trunk search. Hence, the seizure of both of the items was valid.
The provisions of the order which suppressed evidence and defendant's statements are reversed.
NOTES
[1] The judge properly held that the stop of defendant's vehicle was not an illegal random stop; that Officer Toth had a right to enter the passenger area of the vehicle to search it for marijuana since he not only smelled burned marijuana but defendant had admitted smoking it; that defendant was not entitled to have Miranda warnings given by the officer since he voluntarily had stated that it was he who had smoked the marijuana rather than his French-speaking passengers, and that probable cause justified the search of the interior of the car and the seizure therefrom of the "roach" and the small quantity of marijuana found in the vehicle.