Reversed, and remanded for proceedings not inconsistent herewith.

592 A.2d 657

STATE OF NEW JERSEY, PLAINTIFF,
v. GREGORY BELL, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Hudson County

Decided February 6, 1991.

Assistant Hudson County Prosecutor *Barbara T. Catrillo* for plaintiff.

*Lois DeJulio* for defendant.

ARIEL A. RODRIGUEZ, J.S.C.

This matter is before the court on defendant's application for a determination that a co-defendant's statement exculpating defendant be admitted at trial. The issue presented is whether a defendant's statement inculpating himself and exculpating another while providing a factual basis for a guilty plea is admissible pursuant to *Evid.R.* 63(10) (Declaration against interest).

The procedural history is not in dispute. Hudson County Indictment No. 779-3-90 charged defendant Gregory Bell and Willie R. Stewart (hereinafter Stewart), with the robbery of

Chester Dzikowicz in violation of *N.J.S.A.* 2C:15-1. Among the items taken from the victim was a Sony Walkman. On August 13, 1990, Stewart entered a plea of guilty to the robbery charge and to an unrelated burglary charge. Pursuant to plea negotiations, the State agreed to recommend concurrent sentences of five years imprisonment on each offense, which would also run concurrent with any term imposed on a violation of probation. In reciting a factual basis for the entry of the guilty plea on the robbery charge, Stewart admitted that he started fighting with the victim and took his headphones, and then added that he gave the headphones to defendant who was half a block away from where the incident occurred. The court accepted Stewart's factual basis. Subsequently Stewart was sentenced in accordance with the plea agreement.

The case against defendant Bell was listed for trial on December 10, 1990. Stewart, by then an inmate at state prison, was listed as a potential witness for the defense. The trial, however, was adjourned to January 2, 1991. Stewart then informed defense counsel that he would prefer not to testify since this meant that he would have to be temporarily lodged at the Hudson County Jail during the trial. Stewart feared that this might result in the loss of certain privileges at state prison. Thereupon, defendant moved for a determination that Stewart's factual statements at the entry of his guilty plea should be admitted pursuant to *Evid.R.* 63(10).

Defendant argues that Stewart's statements constitute a declaration against interest, and because a statement exculpating defendant was also given, that Stewart's entire factual basis should be admitted pursuant to *Evid.R.* 63(10). The State argues that Stewart's statements were not against his interest, but rather, were favorable to him because he obtained the benefits of a very lenient plea agreement.

In New Jersey, a guilty plea cannot be accepted until certain requirements have been met. The court must first satisfy itself that there is a factual basis for the plea and that

the plea is made voluntarily and intelligently with an understanding of the nature of the charge and the consequences of the plea. *See R.* 3:9–2; and *State v. Sainz,* 107 *N.J.* 283, 293, 526 *A.*2d 1015 (1987). A guilty plea is a waiver of important constitutional rights, including the right to avoid self-incrimination. *State v. Barboza,* 115 *N.J.* 415, 420, 558 *A.*2d 1303 (1989); *State v. Smullen,* 118 *N.J.* 408, 571 *A.*2d 1305 (1990). It necessarily follows that a defendant who elects to enter a guilty plea has also chosen to waive the privilege against self-incrimination.

■ At the plea hearing, Stewart admitted, in essence, that in the course of committing a theft he used force against the victim. This admission fully established all the statutory elements of robbery. *See N.J.S.A.* 2C:15–1. Stewart also added that he gave the property to defendant, who was half a block away when the incident occurred. This latter part of the factual statement tends to exculpate the defendant. Although *R.* 3:9–2 does not require that defendant pleading guilty explain the criminal involvement of other persons, the rule does not prevent a defendant from doing so. Moreover, our courts have held that a defendant's plea agreement cannot be conditioned on a promise that defendant not give exculpatory testimony in favor of a co-defendant. *State v. Fort,* 101 *N.J.* 123, 131, 501 *A.*2d 140 (1985); *State v. Hunt,* 184 *N.J.Super.* 304, 309, 445 *A.*2d 1186 (Law Div.1981).

It is well settled that a statement, made other than by a witness while testifying, when offered to prove the truth of the matter asserted is hearsay evidence and is inadmissible only if it falls within one of the hearsay exceptions. *State v. Phelps,* 96 *N.J.* 500, 476 *A.*2d 1199 (1984).

The hearsay exception being urged in the instant case is *Evid.R.* 63(10) which provides as follows:

A statement is admissible if at the time it was made it was so far contrary to the declarant's pecuniary or proprietary interest or so far subjected him to a civil or criminal liability or so far rendered invalid a claim by him against another or created such a risk of making him an object of hatred, ridicule or

social disapproval in the community that a reasonable man in his position would not have made the statement unless he believed it to be true, except that such a statement is not admissible against a defendant other than the defendant other than the declarant in a criminal prosecution.

At the outset, it should be noted that the last clause of the rule was intended to prohibit the introduction of a statement made by a non-testifying defendant which inculpates himself and a co-defendant. *See* Biunno, Current N.J. Rules of Evidence, Comment to *Evid.R.* 63(10) pps. 612–13; and *Bruton v. United States*, 391 *U.S.* 123, 88 *S.Ct.* 1620, 20 *L.Ed.*2d 476 (1968). This last clause is not applicable here since the statement is not being admitted against the defendant. Rather it is the defendant who seeks to introduce the statement because it tends to exculpate him.

Pursuant to *Evid.R.* 63(10), each discrete part of the statement need not imply involvement in a crime. The rule only requires that the statement "so far subjected [the declarant] to * * * criminal liability * * * that a reasonable man in his position would not have made the statement unless he believed it to be true * * *." *Evid.R.* 63(10); *State v. Abrams*, 140 *N.J.Super.* 232, 235, 356 *A.*2d 26 (App.Div.1976) aff'd o.b. 72 *N.J.* 342, 370 *A.*2d 852 (1977). Moreover, the unavailability of the declarant is no longer a prerequisite for admissibility. *Id.* at 237, 356 *A.*2d 26.

In order to qualify as a declaration against penal interest, there must be a direct link between the statement and the crime. *See e.g. State v. Koedatich*, 112 *N.J.* 225, 311, 548 *A.*2d 939 (1988). Although it is not against a declarant's penal interest to exculpate a co-defendant, our courts have ruled in favor of admissibility. In *State v. Abrams*, supra, the court at a joint trial redacted that part of one defendant's confession which exculpated another defendant. The appellate court reversed, holding that the exculpatory part of the statement, in the context of the whole statement, intensified the personal criminal responsibility of the declarant and was admissible under *Evid.R.* 63(10). 140 *N.J.Super.* at 236, 356 *A.*2d 26. Our

Supreme Court affirmed for substantially the same reasons. 72 *N.J.* at 342, 370 *A.*2d 852. *See also State v. Barry,* 171 *N.J.Super.* 543, 548, 410 *A.*2d 259 (App.Div.1979); and *State v. Gaines,* 147 *N.J.Super.* 84, 97–98, 370 *A.*2d 856 (App.Div.1975).

The appropriate test for determining the admissibility of a statement as a declaration against interest is "whether, in the context of the whole statement, the particular remark was plausibly against the declarant's penal interest, even though it might be neutral or even self-serving if considered alone." *State v. Abrams,* 140 *N.J.Super.* at 236, 356 *A.*2d 26. Applying the aforementioned analysis to the facts of this case, it is apparent that Stewart's statement is admissible as a declaration against interest. By his own volition, Stewart admitted that he committed the crime. Stewart's statement not only intensified his criminal involvement, but is also relevant evidence as to defendant's actions during the incident. The latter part of Stewart's statement tends to exculpate the defendant and thus is admissible under *Evid.R.* 1(2) which reads: "Relevant Evidence' means evidence having any tendency in reason to prove any material fact". The statement that the defendant was at a considerable distance when Stewart took the victim's property by force has a tendency to prove that defendant was not involved in the robbery.

Lastly, the State argues that Stewart is available to testify, and that if only his statements are presented to the jury the State will be unable to cross-examine him. This argument is logical; however, as mentioned earlier, *Evid.R.* 63(10) does not in any way make unavailability of the declarant a requirement for admissibility of the statements.

For the above mentioned reasons, the defendant's motion to allow the introduction of Stewart's factual basis statement pursuant to *Evid.R.* 63(10) at the trial of defendant Bell is hereby granted.