114 N.J. Super. 521 (1971)
277 A.2d 414
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT JAVON BOONE, DEFENDANT, AND HERBERT LEE TERRY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1971.
Decided April 27, 1971.
*522 Before Judges KILKENNY, HALPERN and LANE.
Mr. Herbert Waldman, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, *523 Public Defender, Attorney; Mr. Waldman, of counsel and on the brief).
Mr. Edwin H. Stern, Assistant Prosecutor, argued the cause for respondent (Mr. Geoffrey Gaulkin, Hudson County Prosecutor, Attorney; Mr. Armand Pohan, Assistant Prosecutor, on the brief).
The opinion of the Court was delivered by LANE, J.A.D.
Defendants were jointly indicted for unlawful possession of heroin in violation of N.J.S.A. 24:18-4. Defendant Terry was also indicted for unlawful possession of a pistol in violation of N.J.S.A. 2A:151-41. The indictments were tried without a jury. Boone was acquitted. Defendant Terry was convicted on both indictments. On the possession of heroin indictment, he was sentenced to the New Jersey State Prison for a minimum of 2 years and a maximum of 5 years and fined $100. On the indictment for possession of a pistol, he was sentenced to a minimum of 1 year and a maximum of 2 years, to run concurrently with the other sentence. Defendant appeals both judgments of conviction alleging that it was error to deny his motion to suppress the narcotics and the pistol.
On March 22, 1969 at approximately 10 A.M., New Jersey State Trooper Richard Roberts, assigned to the New Jersey Turnpike, observed a 1956 Buick automobile, driven by Boone in which Terry was a passenger, which had just entered the Newark Bay Extension, proceeding towards Newark. After following the vehicle for about one and a half miles, he stopped it because it was proceeding between 10 to 15 miles an hour and had changed lanes twice. Both occupants appeared to be under the influence of alcohol. When the Trooper asked for Boone's license and the vehicle registration, they were not produced immediately. The vehicle registration showed that Terry was the owner. He ordered both occupants to get out of the vehicle and go to its rear. He then observed a large bulge at Terry's belt in the center *524 of his pants which was a gun. He searched both men and found a magazine clip in Boone's jacket with five rounds of ammunition which was of a type used in the gun taken from Terry. He then searched the automobile for other weapons and found in the glove compartment five decks of heroin, a hypodermic needle, a syringe and a cooker cap. In the back seat of the automobile, he found approximately 10 other bullets.
The Trooper testified that it was standard procedure where alcohol is suspected to have the driver get out of the automobile. He further said that since the time a Trooper had been shot on the Newark Bay Extension while engaged in a routine road check, it has been State Police policy when stopping an automobile on the Turnpike for a routine road check to have the occupants get out.
Defendant concedes that the State Police had a right to stop the automobile but contends that once the driver produced a valid driver's license and the vehicle registration "any further detention or search must be based on probable cause." Implicit in the argument is a general attack upon the conduct of the New Jersey State Police on the Turnpike. In his brief he says:
Furthermore, it should be noted that troopers on the New Jersey Turnpike are said by many to operate in nearly total disregard of citizens' Fourth Amendment right.
Our function, however, is only to judge the facts of this case. Terry v. Ohio, 392 U.S. 1, 15, 88 S.Ct. 1868, 1876, 20 L.Ed.2d 889, 902 (1968).
A police officer in the performance of his duty has a right to take reasonable precautions for his own safety and for that of others. Terry v. Ohio, supra, at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909; State v. Dennis, 113 N.J. Super. 292 (1971). In view of the way in which the automobile was being operated and since both the driver and occupant appeared to be under the influence of alcohol, the Trooper was *525 exercising reasonable precaution in directing them to get out of the automobile.
Defendant argues that although the Trooper may have had a right to ask Boone to get out of the automobile, that right did not extend to defendant. The argument is untenable. Having reason to believe that Boone was under the influence of alcohol, the Trooper could search the automobile. State v. Boykins, 50 N.J. 73, 77 (1967); State v. Cusick, 110 N.J. Super. 149 (App. Div. 1970). In connection with such search and for his own safety, he had a right to order Terry out of the automobile.
Having seen the suspicious bulge in Terry's belt, the Trooper would have been foolhardy not to have determined whether it was a weapon. State v. Dilley, 49 N.J. 460 (1967).
The search of the automobile was justified not only because of the condition of its driver but also in connection with the lawful arrest of Terry for carrying a pistol. Cf. Chambers v. Maroney, 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94 (1970); Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).
Defendant also argues that the claim that Boone and Terry appeared to be under the influence of alcohol was a sham. That determination depends upon the credibility of the witnesses. If there was substantial credible evidence to support the order denying the motion to suppress, it will not be reversed. State v. Johnson, 42 N.J. 146 (1964). Our review of the transcript leaves no doubt that there was no reason why the Judge should not have accepted as credible the testimony adduced by the State. At the conclusion of the hearing on the motion to suppress, Judge Edward F. Hamill denied the motion, making detailed findings of fact. These findings are supported by substantial credible evidence.
The judgments of conviction are affirmed.