160 N.J. Super. 407 (1978)
390 A.2d 144
STATE OF NEW JERSEY,
v.
GEORGE J. ASTALOS AND CHARLES D. VAN ALLEN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 17, 1978.
*409 Mr. Michael C. Shale, Assistant Deputy Public Defender, for defendant Van Allen (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney).
Mr. Anthony F. Picheca, Jr., for defendant Astalos.
Mr. Howard B. Epstein, Assistant Prosecutor, for the State of New Jersey (Mr. David Linett, Somerset County Prosecutor, attorney).
MEREDITH, J.S.C.
Motion to suppress evidence as having been illegally obtained pursuant to a warrantless search is made by co-defendants Charles Van Allen and George Astalos. Based on testimony elicited at the hearing of this motion, the court finds the facts to be as follows.
On December 8, 1977 defendants' vehicle, which was proceeding along Interstate 287 southbound, was radar-clocked as doing 74 m.p.h. in a 55 m.p.h. zone. On this basis, New Jersey State Trooper Androchek pursued the vehicle and activated the cruiser's overhead lights so as to indicate to defendants to pull off to the side of the road. Defendants' vehicle did not stop immediately in response to the trooper's signal but proceeded for some distance down the road before finally coming to a halt.
The trooper approached the vehicle, which contained four passengers, two men and two women, and asked the driver, defendant Astalos, to produce driving credentials. At this point the officer noted a strong smell of burning marijuana emanating from the vehicle, and so informed the vehicle's occupants. The passengers in the vehicle denied this and offered as explanation that they had been smoking numerous cigars and cigarettes during their somewhat lengthy trip. Unpersuaded, the trooper asked Astalos to exit the vehicle. As Astalos got out the trooper observed a smoking pipe and a clear plastic bag which contained some substance wrapped in aluminum foil partially protruding from a side pocket of defendant's coat. The trooper immediately seized these *410 objects and asked Astalos what was contained in the package. Receiving no response, he proceeded to open the package and observed a small amount of what he believed to be hashish. The trooper placed Astalos under arrest and ordered the remaining passengers out of the vehicle.
The trooper then proceeded to search each of these persons as well as the interior of the vehicle, including the glove box. This search revealed no further contraband or evidence of contraband use. The officer next inquired as to the ownership of the vehicle. When defendant Van Allen indicated that he was the owner, he was directed to open the vehicle's trunk. A search of that portion of the vehicle revealed a shotgun, broken down in its case. After admitting ownership of the firearm, defendant Van Allen was placed under arrest for possession of a firearm without a valid permit. The vehicle was subsequently impounded.
Turning to the merits of the motion, defendants question the validity of the trooper's actions with respect to the sequence of events leading to their arrest.
Surely, under the circumstances presented, the trooper was entitled to stop the vehicle in question. Such a stop is supportable under either the police's express statutory authority to apprehend motor vehicle code transgressors, N.J.S.A. 39:5-25; State in Interest of J.B., 131 N.J. Super. 6 (Cty. Ct. 1974); United States v. Greene, 371 F. Supp. 570 (D.N.J. 1974), or under the statutory authorization to stop vehicles at random and require production of driving credentials, N.J.S.A. 39:3-29; State v. Kabayama, 98 N.J. Super. 85 (App. Div. 1967), aff'd 52 N.J. 507 (1968); see State v. Braxton, 111 N.J. Super. 191 (App. Div. 1970).
Similarly, any question regarding the propriety of the trooper's request that defendant Astalos exit the vehicle is foreclosed by the recent decision of the United States Supreme Court in Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). In that case the court concluded that the de minimus intrusion occasioned by a *411 request to exit a vehicle stopped on the highway is far outweighed by the legitimate interest in self-protection of the stopping officer, even where there are no circumstances indicating that his personal security may be in jeopardy. The court upheld a routine request to exit, done as a matter of course to all drivers stopped on the highway, as a reasonable police procedure in furtherance of this interest. A prior New Jersey case, State v. Boone, 114 N.J. Super. 521 (App. Div. 1971), identified the same interest as being at stake under such circumstances, and appears to have reached the same result. Id. at 524-525. Thus, the trooper's request that Astalos exit the vehicle was a reasonable procedure not proscribed by the strictures of the Fourth Amendment.
Next raised is the legality of the intrusion engendered by seizure of the hashish and smoking pipe from the pocket of defendant Astalos. The State asserts that the plain view observation of these articles, considered in light of the detected odor of marijuana, constitutes probable cause sufficient to justify the seizure of these items.
Several reported decisions of this jurisdiction support the proposition that probable cause to search may be posited on the presence of the smell of marijuana, at least when combined with some other corroborating indicia of contraband use or possession. This would presume, of course, adequate training in marijuana detection on the part of the law enforcement agent involved. So, for example, in State v. Lowry, 95 N.J. Super. 307 (Law Div. 1967), reasonable cause to search a vehicle was found where, in addition to smelling the "sweet smell" of marijuana, the arresting officer also observed several rolled-up cigarettes with crimped edges, as well as an open handkerchief which contained a chopped up tobacco-like substance. In State v. Murray, 151 N.J. Super. 300 (App. Div. 1977), the court held that the smell of marijuana, emanating from a vial containing a vegetative residue, and a plain view observation of a "roach clip," were sufficient to conduct a further reasonable search of the stopped van. See also, State in Interest of A.C., 115 N.J. Super. *412 77 (App. Div. 1971), in which the observation of smoke in the vehicle together with a plain view of a homemade cigarette and two manila envelopes, considered a common container of marijuana, was deemed sufficient cause to seize these items. Cf. State v. Cohen, 73 N.J. 331 (1977).
In the present case the strong odor of marijuana was detected by the trooper, whose expertise was adequately established before this court, immediately upon approaching the vehicle. Additionally, the trooper observed a smoking pipe and an aluminum foil packet wrapped inside a plastic bag protruding from defendant's pocket. Such paraphernalia and containers of the type described, regarded as a common repository of contraband, State v. Waltz, 61 N.J. 83 (1972); State v. Marchitto, 132 N.J. Super. 511 (App. Div. 1975), are highly indicative of contraband use or possession. Thus the trooper clearly had probable cause to seize these items and search the packet to ascertain its contents. The mobility of the automobile and the opportunity for destruction of evidence plainly presented exigent circumstances dispensing with the warrant requirement. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970), reh. den. 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94. Therefore, insofar as the instant motion seeks to suppress the hashish seized from defendant Astalos, the motion is denied.
The final issue raised by this motion is the propriety of the trunk search which revealed the shotgun owned by defendant Van Allen. Suppression is urged on the basis of two independent theories. First, it is asserted that the search of the trunk was the result of an illegal seizure of the hashish and that, therefore, the shotgun was an illegal "fruit" thereof. This argument must, of course, fail in light of this court's prior ruling as to the legality of such seizure.
In addition, however, defendant asserts that the discovery of the hashish, even though valid, did not justify the further search of the vehicle's trunk. This argument necessarily *413 implicates the permissible extent of police intrusion into protected zones of privacy where probable cause to search has initially been established.
The Fourth Amendment permits only such searches as are reasonable. Chambers v. Maroney, supra; Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). It is recognized that a search, although validly initiated, may become unreasonable because of its intolerable intensity and scope. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). As stated by the Terry court: "The scope of the search must be `strictly tied to and justified by' the circumstances which rendered its initiation permissible." 392 U.S. at 19, 88 S.Ct. at 1878. Searches deemed necessary must be as limited as possible. Coolidge v. New Hampshire, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971), reh. den. 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120. Applying this constitutional principle in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the court held that, as incident to a valid arrest based on probable cause, the police must limit the incidental search only to that area which is within the arrestee's immediate control so as to prevent access to a weapon or destruction of evidence.
The legally permissible extent of an automobile search must take account of the nature of the circumstances justifying its inception, the protected zone of privacy invaded and the extent of the intrusion. The United States Supreme Court has recognized that different portions of an automobile implicate different zones of privacy, as to which there may be a greater or lesser reasonable expectation of privacy. Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974). In that case the court concluded that a search and seizure involving the exterior of a vehicle was far less intrusive than one involving the interior of the vehicle, implicity requiring less in the way of probable cause. Other courts have recognized a heightened expectation of privacy in locked and enclosed areas of a vehicle, requiring independent *414 justification to search in terms of probable cause to believe contraband or evidence of crime may be found therein. As stated in United States v. Powers, 439 F.2d 373, 375 (4 Cir.1971), cert. den. 402 U.S. 1011, 91 S.Ct. 2198, 29 L.Ed.2d 434: "But mobility alone does not justify unbridled search of those parts of a vehicle where one has a reasonable expectation of privacy. Thus, warrantless searches of the trunk, the glove compartment, the console or similar areas have been approved only within strict limitations, such as a requirement of probable cause to search the car." Recently decided cases, in considering the validity of trunk searches, have questioned directly whether there was probable cause to believe that the evidence sought was to be found therein. See People v. Superior Court (Torres), 67 Cal. App.3d 620, 136 Cal. Rptr. 779 (D. Ct. App. 1977); Robinson v. Parratt, 421 F. Supp. 664 (D. Neb. 1976); Satterlee v. State, 549 P.2d 104 (Okl. Cr. App. 1976); People v. Rogers, 30 Ill. App.3d 723, 332 N.E.2d 562 (App. 1975); See also, Thims v. Commonwealth, 218 Va. 85, 235 S.E. 2d 443 (Sup. Ct. App. 1977); People v. Blitz, 68 Ill.2d 287, 12 Ill. Dec. 224, 369 N.E.2d 1238 (Sup. 1977); State v. Johnson, 558 S.W.2d 424 (Mo. App. 1977).
In the instant case, then, the relevant inquiry is whether the discovery of a small amount of hashish on the driver of a vehicle, who is not its owner, provides reasonable cause to believe that further quantities are to be found in its trunk.
In State v. Murray, 151 N.J. Super. 301 (App. Div. 1977), the court considered the permissible extent of intrusion into a vehicle based on the discovery of a small amount of marijuana in its interior. The court concluded that a search which interfered with the structural integrity of the vehicle, based on the slight quantum of probable cause disclosed by a small amount of marijuana, was fatally defective since excessive in scope and intensity. The court recognized that entries into areas of a vehicle as to which there is a heightened reasonable expectation of privacy *415 require greater justification. Murray cited approvingly the case of Wimberly v. Superior Court, 16 Cal.3d 557, 128 Cal. Rptr. 641, 547 P.2d 417 (Sup. Ct. 1976), in which the California Supreme Court explicitly rejected the view that once probable cause to search a vehicle is established, the search may extend to all portions of the vehicle. The court specifically held that the discovery in plain view of a small amount of marijuana in a vehicle, indicative only of casual use, did not provide a reasonable basis for believing further quantities would be found in its trunk. So also, in Commonwealth v. White, 371 N.E.2d 777 (Mass. App. 1977), the court concluded that an arrest for driving under the influence and the discovery, incident to arrest, of one marijuana cigarette, provided no basis for believing that the trunk of the vehicle contained further contraband. The court deemed that, at best, such information provided only a "hunch" that additional marijuana would be found in the trunk, which was a clearly insufficient basis on which to predicate the trunk search.
This court is persuaded by the reasoning of these cases and holds that, in the circumstances of this case, where only a small quantity of hashish is found on the driver of the vehicle, not its owner, no reasonable basis to believe further quantities are to be found in its trunk is provided. Such evidence provides only a bare suspicion that further quantities might be found therein, and does not rise to the level of probable cause as required by the Fourth Amendment. Chambers v. Maroney, supra. A search of the trunk area of the vehicle, based only upon the discovery of a small amount of contraband, is excessive in scope and therefore invalid. To hold otherwise would permit a general search on but slight pretext. Such a holding does not, of course, preclude a trunk search when there is independent justification to believe that contraband or evidence of crime may be found therein. See e.g., State v. McCarthy, 130 N.J. Super. 540 (App. Div. 1974); People v. Podesto, 62 Cal. App.3d 708, 133 Cal. Rptr. 409 (D. Ct. App. 1976).
*416 The motion to suppress, insofar as it pertains to the shotgun discovered in the trunk of defendant Van Allen's vehicle, is hereby granted.