195 N.J. Super. 565 (1984)
481 A.2d 281
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, CROSS-RESPONDENT,
v.
MICHAEL J. SARTO, DEFENDANT-RESPONDENT, CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1984.
Decided August 1, 1984.
*567 Before Judges MATTHEWS, J.H. COLEMAN and GAULKIN.
Carol M. Henderson, Deputy Attorney General, argued the cause for appellant State (Irwin I. Kimmelman, Attorney General, attorney).
John P. Morris argued the cause for respondent Sarto (Horuvitz, Perlow, Morris & Baker, attorneys).
PER CURIAM.
On August 23, 1977 a State trooper conducted a routine stop of defendant's vehicle to check for compliance with license and registration laws. Defendant produced only his vehicle registration. At that point the trooper observed, through the open door of the vehicle, a large folding knife between the driver's seat and the front door. Consequently, he arrested defendant for a weapons violation.
Upon retrieving the knife, the trooper detected a strong odor of unburned marijuana and observed a partially-opened vinyl bag on the front seat of the car. He testified that he opened the vinyl bag and saw a clear plastic bag containing marijuana, and a vial and envelopes containing a few white pills. Because of the strong odor of unburned marijuana in the vehicle, the trooper then searched its interior.
*568 Finding no evidence in the interior, and still detecting a strong odor of unburned marijuana, the trooper, without the consent of defendant, removed the car keys from the ignition and opened the trunk. Inside the trunk he discovered a suitcase containing 42 pounds of marijuana wrapped in green and white plastic, and a canvas bag, plastic bag and pillowcase containing marijuana. A total of 61.5 pounds of marijuana was discovered in the trunk.
Subsequently, a Salem County Grand Jury returned an indictment on September 30, 1977 charging defendant with unlawful possession of marijuana, contrary to N.J.S.A. 24:21-20(a)(4) (Count One); possession of marijuana with intent to distribute, contrary to N.J.S.A. 24:21-21(a)(1) (Count Two), and unlawful possession of a dangerous weapon, namely, a knife, contrary to N.J.S.A. 2A:151-41 (Count Three).
Thereafter, a Law Division judge heard and denied a motion to suppress the evidence seized as a result of the stop. Defendant subsequently entered retraxit pleas of guilty to Counts Two and Three of the indictment under a plea agreement that called for the dismissal of Count One. On Count Two he was sentenced to 364 days in the county jail with all but 60 days suspended; he was placed on probation for two years and was directed to pay a $7,500 fine. On Count Three he was sentenced to a suspended term of 364 days at the county jail.
On March 1, 1979 defendant appealed the denial of his suppression motion. That decision was affirmed by this court. State v. Sarto, A-2173-78 (April 17, 1980) (unpublished opinion). Defendant petitioned for certification and appealed to the New Jersey Supreme Court; his petition was denied and his appeal was dismissed. State v. Sarto, certif. den. 84 N.J. 479 (1980). Defendant was also denied his petition to the United States Supreme Court for a writ of certiorari, Sarto v. New Jersey, cert. den. 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980), and subsequent rehearing nunc pro tunc, Sarto v. New Jersey, reh'g den. 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1037 (1981).
*569 On July 29, 1982 defendant petitioned for postconviction relief. The Law Division judge held a hearing on that motion, and issued a written opinion dated January 13, 1983 (order dated February 3, 1983) in which he concluded that Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), was not retroactive and therefore inapplicable to this case but that Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), was retroactive and applicable. Accordingly, he ruled that a hearing was required to determine the applicability of Sanders to the facts of the case. The judge also denied the State's request to apply the holding of United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), to the case.
Rather than having oral argument, the parties agreed to permit the judge to review the suppression hearing transcripts, apply Sanders, and make a determination therefrom. On March 29, 1983 the judge issued another written opinion granting defendant's motion to suppress the marijuana discovered in the passenger compartment and trunk of his vehicle. The marijuana discovered in the passenger compartment was suppressed pursuant to the holding in United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). The marijuana discovered in the trunk was suppressed pursuant to the holding in Sanders, cited above. The judge further ruled that the holding in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), could not be applied retroactively to this case.
By order dated April 8, 1983 the judge vacated defendant's conviction on Count Two of the indictment, vacated the merger of Count One with that conviction and suppressed the marijuana found in defendant's vehicle.
Defendant contends that this appeal should be dismissed for two reasons. First, he argues that the State's appeal of the April 8, 1983 order is interlocutory and thus the State should have filed a motion for leave to appeal rather than an appeal as of right. Second, defendant argues that this court should not *570 consider this appeal because the State did not seek leave to appeal the earlier order dated February 3, 1983 upon which the State's appeal here is primarily focused.
Under R. 2:4-4(b)(2), this court is authorized for good cause and in the absence of prejudice to treat the State's notice of appeal as an application for leave to appeal and grant leave nunc pro tunc since the State filed its notice of appeal within 45 days of the date of the order. We are satisfied that this case falls within the narrow class of exceptional situations in which this court may grant leave to appeal. We grant the State leave to appeal nunc pro tunc since the State has met the criteria of R. 2:4-4(b)(2), and there is no demonstration of prejudice to defendant.
The State first argues that the Law Division judge was barred by R. 3:22-5 and the "law of the case" doctrine from reopening the suppression issue and granting defendant post-conviction relief based on Sanders and Chadwick. As we stated in State v. Hale, 127 N.J. Super. 407, 411 (App.Div. 1974), the "law of the case" doctrine is "a discretionary rule of practice and not one of law." In light of our Supreme Court's holding in State v. Young, 87 N.J. 132, 140 (1981), that Sanders is retroactive to the date of the Chadwick decision (June 21, 1977) and that Chadwick is to be applied prospectively only, we believe that the Law Division judge's decision to reopen the suppression issue and apply Sanders was not an abuse of his discretion. The judge properly granted post-conviction relief in this case based on Sanders.
The judge, however, improperly reconsidered the applicability of Chadwick to this case because there was a prior adjudication on the merits of that issue. At the first suppression hearing the Law Division judge specifically held that Chadwick was distinguishable. This court agreed with that determination. In affirming the Law Division this court stated: "Sufficient probable cause and exigent circumstances existed to permit the officer legally to conduct [the] search and seizure of defendant's *571 suitcase and the bags in the trunk under Chadwick." State v. Sarto, A-2173-78, slip opinion at 6 (April 17, 1980) (unpublished opinion). Our Supreme Court and the United States Supreme Court refused to hear the case. State v. Sarto, A-2173-78 (April 17, 1980) certif. den. 84 N.J. 479 (1980), cert. den. 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980), reh'g den. 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1037 (1981). The decision of this court on the application of Chadwick here was not reversed; it therefore remains the "law of the case" and the Law Division judge was bound to follow that ruling when the same issue was presented. Cardwell v. Township of Rochelle Park, 135 N.J. Super. 66, 76 (Law Div. 1975); Bergen Cty. Bd. of Taxation v. Bor. of Bogota, et al., 104 N.J. Super. 499, 506 (Law Div. 1969).
The State next argues that, upon determining defendant's petition for post-conviction relief, the Law Division judge erred by holding that United States v. Johnson, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), precluded the retroactive application of United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), and New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) reh. den. 453 U.S. 950, 102 S.Ct. 26, 69 L.Ed.2d 1036 (1981), to this case. Here, defendant's conviction became final on October 20, 1980 when certiorari was denied by the United States Supreme Court. Accord, United States v. Johnson, 457 U.S. at 542, n. 8, 102 S.Ct. at 2583, n. 8 (1982) (Court stated that finality of conviction is determined after the availability of appeal is exhausted and the time for petition for certiorari has elapsed or the petition is denied). Both Ross and Belton were decided after defendant's conviction became final.
In determining whether Ross and Belton should apply retroactively to defendant's final conviction, we first consider the validity of the search at the time it occurred. Both the Law Division and this court have determined that when the police searched defendant's vehicle, the state of the law permitted that search. Before defendant's conviction became final, the *572 Sanders decision was announced. The Supreme Court in Sanders held that in the absence of exigent circumstances police were required to obtain a warrant before searching luggage taken from a vehicle properly stopped and searched. 442 U.S. at 753, 99 S.Ct. at 2586. Our Supreme Court subsequently stated in State v. Young, 87 N.J. 132, 140 (1981), that the Sanders decision applies retroactively to all searches that occurred after June 21, 1977. We have found today that the Law Division judge was proper in granting defendant's petition for post-conviction relief to consider the applicability of Sanders. Upon hearing the merits of that petition, the judge ruled that the police should have delayed the search of the luggage and bags in the trunk until after a warrant had been obtained. During that narrow time period, i.e., when Sanders was operable, the valid search had become invalid.
The Ross and Belton cases once again changed the law. The Belton Court permitted police to search without a warrant, incident to a lawful custodial arrest, any portion of the interior of the vehicle from which the defendant was removed. 453 U.S. at 454, 101 S.Ct. at 2860. The Belton decision, however, specifically excluded the trunk or any other portion of the vehicle except the passenger compartment. 453 U.S. at 454, 101 S.Ct. at 2860. Under Belton, the search of defendant's vinyl bag in the passenger compartment of the vehicle was permissible.
In Ross, the Court held that when probable cause exists police may conduct a warrantless search of the vehicle "as thorough as a magistrate could authorize in a warrant." 456 U.S. at 825, 102 S.Ct. at 2172. The scope of a Ross search is limited only by the nature of the article for which probable cause existed. Assuming probable cause existed, the search of defendant's trunk would be permissible under Ross and would be valid. The good search, which was subsequently determined to be invalid, is once again valid. For a short period of time, consequently, a narrow window existed in which the search was invalid.
*573 Under these circumstances we apply Ross and Belton retroactively to this case for two reasons: (1) it is a logical extension of caselaw, and (2) defendant's expectation of privacy under Ross and Belton is the same as it was when the search occurred. When police make a search in good faith and in conformance with constitutional standards, the fact that the law is later declared unconstitutional will not lead to the exclusion of the evidence. Michigan v. De Fillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979) (deals with the admissibility of evidence seized pursuant to an unconstitutional statute). In De Fillippo, the defendant was arrested under a statute making it a crime to refuse to give identification to a police officer on request. The officer searched the defendant and uncovered drugs. The Michigan court suppressed the drugs, holding that the evidence was the fruit of an illegal arrest, since the statute was unconstitutional. 443 U.S. at 34, 99 S.Ct. at 2630. The Supreme Court disagreed, holding that, when the arrest and search are conducted in a manner consonant with the Fourth Amendment, the fact that the statute is unconstitutional should not lead to the exclusion of evidence on Fourth Amendment grounds. 443 U.S. at 40, 99 S.Ct. at 2633. We believe that the De Fillippo principle should be applied to this case. Under this principle, a valid search later determined to be invalid will not be overturned. Extending this logic, a valid search which becomes invalid, then valid again, will certainly not be overturned.
Furthermore, defendant had the same expectation of privacy in his vehicle under Ross and Belton that he had when the search of his vehicle occurred. Although a debate that punctuated the Supreme Court's automobile cases prior to Belton and Ross was the extent to which warrantless searches of vehicles are tied to exigent circumstances, and the extent to which such searches are premised on the diminished expectation of privacy, it is clear that a diminished expectation of privacy in a vehicle existed at the time the search occurred. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), reh. den. 396 *574 U.S. 869, 90 S.Ct. 36, 24 L.Ed.2d 124 (1969); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The Belton and Ross decisions merely clarify that an actual exigency no longer has to be shown to forego the warrant requirement in most vehicle searches. We believe the diminished expectation of privacy standard is now at play with regard to all vehicle searches and Ross and Belton should be applied retroactively to this case.
We now apply Ross and Belton here. The Law Division judge found that the officer detected a strong odor of unburned marijuana when the officer reached into the vehicle to retrieve the weapon. The defendant was, as the judge found, arrested for a weapons violation at that time. Under Belton, the officer was permitted, pursuant to the lawful arrest, to search the passenger compartment of the vehicle. New York v. Belton, 453 U.S. at 460, 101 S.Ct. at 2864. Upon searching the interior, the officer found a vinyl bag containing a small amount of marijuana. Accordingly, the search of the vehicle's interior and the vinyl bag was reasonable and constitutionally permissible under Belton and that contraband cannot be suppressed.
The trial judge also found that the officer detected a strong odor of unburned marijuana when he searched the interior which could not have emanated from the small plastic bag found in the vinyl bag. We find that the strong odor of unburned marijuana gave police probable cause to search the trunk for evidence of contraband. State v. Guerra, 93 N.J. 146, 150 (1983); see State v. Kahlon, 172 N.J. Super. 331, 338 (App.Div. 1980), cert. den. sub nom. Kahlon v. New Jersey, 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1981). Once the trunk was open, the clump of marijuana on its floor, the protruding stems and vegetation from the bags, and the strong odor of unburned marijuana clearly suggested that the suitcase, bags and pillowcase contained contraband. Arkansas v. Sanders, 442 U.S. 753, 764, n. 13, 99 S.Ct. 2586, 2593, n. 13, 61 L.Ed.2d 235 (1979); Robbins v. California, 453 U.S. 420, 427-429, 101 *575 S.Ct. 2841, 2846-2847, 69 L.Ed.2d 744 (1981), reh. den. 453 U.S. 950, 102 S.Ct. 26, 69 L.Ed.2d 1036 (1981). In addition, the Court in Ross held that when police have probable cause to believe that contraband is present in a vehicle they may conduct a warrantless search of the vehicle "as thorough as a magistrate could authorize in a warrant." United States v. Ross, 456 U.S. at 825, 102 S.Ct. at 2172. Probable cause is therefore sufficient to justify a warrantless search of all parts of a vehicle where suspected contraband could possibly be located, including closed containers. 456 U.S. at 825, 102 S.Ct. at 2172. We consequently find that the suitcase, bags and pillowcase found in the trunk were validly searched.
The order of suppression is reversed.