**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2363-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VINCENT L. PATRICK,

     Defendant-Appellant.

_____

Submitted May 27, 2020 – Decided July 14, 2020

Before Judges Yannotti and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 18-06-0204.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison Gifford, Assistant Deputy Public Defender, of counsel and on the briefs).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Vincent Patrick appeals from the July 30, 2018 order denying his motion to suppress evidence seized following a stop of his vehicle. After a review of the contentions in light of the record and applicable principles of law, we affirm.

We derive the facts from testimony presented at the suppression hearing. While on patrol, Pennsville police officer Zachary Inman ran a Division of Motor Vehicles inquiry on a vehicle that revealed outstanding warrants for defendant, the car's registered owner. The officer conducted a motor vehicle stop and identified defendant as the driver after seeing his driver's license.

When Inman approached the vehicle, he observed "greenish vegetation" on the back seat and floor. The officer suspected it was marijuana. As he spoke with defendant, Inman "detected the odor of raw marijuana coming from inside the vehicle." He advised defendant of the outstanding warrants and asked him to step out of the car.

Inman's search of defendant disclosed "a large sum of U.S. currency."[1] He also noted some loose flakes of marijuana on defendant's shirt. After arresting defendant for the warrants, Inman began to search the car.

---

[1] Inman told another officer at the scene that defendant was carrying approximately $3000.

A-2363-18T4

As he was searching, Inman stated he continued to perceive a strong odor of marijuana in the car. In searching the back seats, the officer folded down the center console and released the latch that permitted access to the trunk. As he did so, Inman "detected a strong odor of marijuana coming from the trunk of the vehicle." During defendant's testimony, he stated there was no entrance to the trunk from the back seat.

Inman opened the trunk and found a black duffle bag. The officer described a "significant" smell of marijuana emanating from the bag. When he opened it, he saw materials used for packaging narcotics as well as some bags containing marijuana and oxycodone pills.

Defendant was charged with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); fourth-degree CDS possession, N.J.S.A. 2C:35-10(a)(3); and third-degree CDS possession with intent to distribute, N.J.S.A. 2C:35-5(b)(11). He later moved to suppress the evidence found during the search of his car.

Following a hearing, the trial judge found the stop of the motor vehicle was reasonable after the officer discovered its registered owner had outstanding warrants for his arrest. In addressing the search of the car, the judge found

3

Inman's testimony credible and the scope of the search was appropriate. The motion to suppress was denied.

Defendant pled guilty to an amended charge of fourth-degree distribution of a prescription legend drug without a valid prescription, N.J.S.A. 2C:35-10.5(a)(2). The remaining charges were dismissed. He was sentenced to 180 days of jail time.

Defendant raises the following issue on appeal:

> THE SEARCH OF THE TRUNK WAS UNLAWFUL BECAUSE THE POLICE DID NOT HAVE PROBABLE CAUSE THAT THE SMELL OF MARIJUANA WAS COMING FROM THE TRUNK.

A trial court's factual findings in a suppression hearing are afforded great deference. State v. Gonzales, 227 N.J. 77, 101 (2016) (citing State v. Hubbard, 222 N.J. 249, 262 (2015)). In reviewing a decision on a motion to suppress, we defer to the findings of fact and credibility determinations of the trial judge, recognizing that he or she has had an "opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Elders, 192 N.J. 224, 244 (2007) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). We will uphold the trial judge's decision so long as it is "supported by sufficient credible evidence" and not "so clearly mistaken 'that the interests of

justice demand intervention and correction.'" State v. Scriven, 226 N.J. 20, 32-33 (2016) (quoting Elders, 192 N.J. at 243-44).

Defendant asserts the State did not establish probable cause for the search of the trunk of his car and, therefore, the trial court erred in denying the motion to suppress the evidence found in the trunk. We disagree.

As the United States and New Jersey Constitutions guarantee an individual's right to be free from "unreasonable searches and seizures," U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7, a "warrantless search is presumed invalid unless it falls within one of the recognized exceptions to the warrant requirement." State v. Wilson, 178 N.J. 7, 12 (2003) (quoting State v. Cooke, 163 N.J. 657, 664 (2000)).

Here, the State asserts the search was permissible within the well-established automobile exception to a warrantless search. That doctrine permits the warrantless search of a vehicle when the police have "probable cause to believe that the vehicle contains contraband or evidence of an offense and the circumstances giving rise to probable cause are unforeseeable and spontaneous." State v. Witt, 223 N.J. 409, 447 (2015) (citing State v. Alston, 88 N.J. 211, 233 (1981)).

It is well-established that "the smell of marijuana itself constitutes probable cause 'that a criminal offense ha[s] been committed and that additional contraband might be present.'" State v. Walker, 213 N.J. 281, 290 (2013) (alteration in original) (quoting State v. Nishina, 175 N.J. 502, 516-17 (2003)). In State v. Guerra, 93 N.J. 146, 150 (1983), our Supreme Court found police had probable cause to search a vehicle's trunk after determining the strong odor of raw marijuana was not emanating from within the car's interior.

Here, Inman noted flakes of marijuana on defendant's shirt and on the back seat of the car. He described a strong odor of raw marijuana coming from the car. When he put down the center console in the back seat, he stated the odor of marijuana was even stronger. The trial judge found the officer's testimony credible.

Therefore, there was probable cause to establish a criminal offense had been committed and that additional contraband might be present. The officer was permitted to expand his search for contraband to the trunk. See State v. Sarto, 195 N.J. Super. 565, 574 (App. Div. 1984) (finding that "the strong odor of unburned marijuana gave police probable cause to search [a] trunk for evidence of contraband"); State v. Kahlon, 172 N.J. Super. 331, 338 (App. Div. 1980) (holding the smell of "unburned marijuana" while in the vicinity of a

A-2363-18T4

vehicle's trunk where marijuana had already been found elsewhere in the car gave police probable cause to search the trunk).

We are therefore satisfied the trial judge's denial of defendant's motion to suppress is supported by sufficient credible evidence in the record. See Scriven, 226 N.J. at 32-33.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2363-18T4